UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARY LEE STOKES,

        Petitioner,                       Civil No. 2:13-cv-13593
                                                HONORABLE GEORGE CARAM STEEH
v.                                       UNITED STATES DISTRICT JUDGE

CATHERINE BAUMAN,

        Respondent.
_____/

### ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL

      Before the Court is habeas petitioner Cary Lee Stokes' motion for the appointment of counsel.

      The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F.Supp.2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court

determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).  If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788.  The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a petition for writ of habeas corpus, in which he raises six claims for relief.  Petitioner has also attached to his petition a brief on appeal filed on his behalf by the State Appellate Defender's Office with the Michigan Court of Appeals, as well as petitioner's own *pro per* Standard 4 brief on appeal that petitioner filed on his own behalf with that court.  Petitioner has also attached numerous additional exhibits to his petition.  Petitioner therefore has the means and ability to present his claims to the Court.  Furthermore, until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required.  Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES** the motion for appointment of counsel without prejudice.  The Court will reconsider the motion if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

**ORDER**

Based upon the foregoing, **IT IS ORDERED** that the motion for appointment of counsel [Dkt. # 4] is **DENIED.**

Dated: March 5, 2014

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 5, 2014, by electronic and/or ordinary mail and also on Cary Stokes #257050, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868.

s/Barbara Radke
Deputy Clerk

---