UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARY LEE STOKES,

        Petitioner,         Civil No. 2:13-CV-13593
                                           HONORABLE GEORGE CARAM STEEH
v.                             UNITED STATES DISTRICT JUDGE

CATHERINE BAUMAN,

        Respondent,
_____/

### OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Cary Lee Stokes, ("Petitioner"), confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for felonious assault, M.C.L.A. 750.82; possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; felon in possession of a firearm, M.C.L.A. 750.224f; possession of a short barreled shotgun, M.C.L.A. 750.224b; and being a third felony habitual offender, M.C.L.A. 769.11. Petitioner has now filed a request to stay the habeas corpus proceedings and hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust additional claims that were not presented on direct appeal. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. The Court will also administratively close the case.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Saginaw County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Stokes,* No. 306909, 2012 WL 6913790 (Mich. Ct. App. Nov. 20, 2012); *lv. den.* 493 Mich. 970; 829 N.W.2d 233 (2013).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Stokes,* No. 10-034413-FH (Saginaw County Circuit Court, September 6, 2013). Petitioner filed an application for leave to appeal the denial of his post-conviction motion, which remains pending in the Michigan Court of Appeals.

On August 20, 2013, petitioner filed this application for writ of habeas corpus, in which he seeks habeas relief on the claims that he raised in the Michigan appellate courts on his direct appeal.

Petitioner has now filed a request to hold the habeas petition in abeyance so that he can completely exhaust on state post-conviction review additional claims that have not been exhausted with the state courts.

**II. Discussion**

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668,

2

676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007)(A habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F. 3d at 83).

In the present case, petitioner filed a post-conviction motion for relief from judgment, which was denied by the state trial court. Petitioner's post-conviction appeal from the denial of that motion remains pending in the Michigan Court of Appeals. The general rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's state post-conviction motion remains pending in the state courts. *See e.g. Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Wagner v. Smith,* 581 F. 3d 410, 414 (6th Cir. 2009). Petitioner's new claims have thus yet to be completely exhausted with the state courts.

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of petitioner's claims in this Court due to the expiration of the one year statute of limitations

contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner apparently did here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d at 419. Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes

4

upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order, which he has already done. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment with the trial court under Michigan Court Rule 6.500, *et. seq.,* which petitioner has already done. See *Wagner,* 581 F. 3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. See *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he is raising in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order, which he has already done. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: April 30, 2014

                                                 s/George Caram Steeh
                                                 GEORGE CARAM STEEH
                                                 UNITED STATES DISTRICT JUDGE

```
```

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 30, 2014, by electronic and/or ordinary mail and also on Cary Stokes #257050, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868.

s/Barbara Radke
Deputy Clerk